### NEW ORLEANS & C. R. CO. v. SCHNEIDER.

#### (Circuit Court of Appeals, Fifth Circuit. December 12, 1893.)

#### No. 157.

1. NEGLIGENCE OF PASSENGER—QUESTION FOR JURY.
    A passenger, while seated by an open window in a street-railroad car, was struck on the arm by an iron post placed near the track. There was a conflict of testimony as to whether the passenger had her arm out of the window at the time of the accident. *Held,* that the question of negligence was properly submitted to the jury.

2. SAME—GUARDS IN FRONT OF WINDOWS.
    It is for the jury to determine whether reasonable diligence requires that a street-railroad company should place guards in front of the car windows in order to prevent passengers from exposing their hands and arms.

3. EXCESSIVE DAMAGES—BROKEN ARM.
    A verdict of $2,000 *held* not to show that jury were influenced by prejudice, where arm of passenger was broken by post adjacent to the track, while traveling in a street car.

4. VERDICT—CERTAIN AMOUNT.
    A verdict in the sum of $2,000, "with legal interest from judicial demand," is not uncertain, although requiring a mathematical calculation to get the sum of the finding.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was an action by Elizabeth Schneider against the New Orleans & Carrollton Railroad Company, a street railroad, for personal injuries. Plaintiff obtained a verdict in the sum of $2,000, "with legal interest from judicial demand," and judgment was subsequently entered thereon. 54 Fed. 466. Defendant now brings error.

John M. Bonner, for plaintiff in error.

E. Howard McCaleb, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The defendant in error was a passenger on one of the cars of plaintiff in error, and her arm was

broken by coming in contact with an iron post planted near the track. She sued the company, claiming damages for this injury. She alleged that she was seated by a window that was open when she entered, and took her seat in the car, and that afterwards she rested her arm upon the window sill; that the car turned, and (while running on a switch recently constructed for temporary use by the plaintiff in error) suddenly passed so close to an iron post standing near the track that the post violently struck her arm, and broke it between the elbow and the shoulder. The plaintiff in error excepted to the petition, in that it showed no cause of action. The overruling of this exception is the first of the assigned errors.

The plaintiff in error, after the proof was closed, requested the trial judge to direct a verdict for the company, and assigns as error his refusal to withdraw the case from the jury. To support this assignment all the evidence is brought up. The party injured testifies that she did not have her arm out of the window before the accident, but had it resting on the sill of the window. The surgeon who attended her testified "that the arm showed no bruise at any other point than at the seat of the fracture, which was just halfway between the elbow and the shoulder; the fracture was a simple fracture, evidently from a direct blow just over the seat of the fracture. Had the arm been projecting out of the window, and the post struck it, the injury would have been below the elbow, —would have been below where it was in this case,—and my impression, therefore, is that the arm was broken by a blow received just over the seat of the fracture, because there was no perceptible injury at any other place, and a very slight mark of injury over that." One witness, who was in the car when the accident occurred, and seated on the other side of the car, just opposite to and facing the lady who was hurt, testifies that "her elbow was resting on the sill of the car window, and, as the car went on this temporary switch, * * * the car jolted very much, * * * that caused the arm to be thrown out of the car, and come in contact with the post." One witness, in the car at the time, sitting on the same side with the party injured, and next to her, about one foot away, testifies that she put her elbow out of the window. "I saw by her position; I remember that by her position her arm was out of the car, because I looked that way just about that time." Being asked, "When you came onto that switch, did you notice where her arm was?" answered: "No, sir; never noticed it; only, after the accident, she pulled it in, and I remarked then I saw her elbow out of the window." "Before the accident?" "Yes, sir." "Now, do you remember whether at the time of the accident she was resting her elbow on the window sill or not,—could you say?" "I could not see then, because I was looking across the car." In our view, the trial judge did not err in overruling the general exception to the petition, and in refusing to direct a verdict for the company.

The plaintiff in error requested the trial judge to charge the jury that "the defendant [below] was not required to barricade the windows of its cars, or to so construct them as to prevent its passengers from putting their heads or arms out of the windows."

This charge as requested is not applicable to the whole proof in the case. It should not have been given, but, attention having been called by it to that feature of the case, the judge not improperly instructed the jury "that the defendant, in order to prevent its passengers from being injured, was bound to take those precautions, and those alone, which reasonable diligence required. It is for the jury to say whether reasonable diligence required that barricades or guards should have been used by the defendant to prevent its passengers from putting their hands and arms out of the windows." We do not feel called on to approve or question the doctrine of the case of Summers v. Railroad Co., 34 La. Ann. 139. On the authorities most favorable to the plaintiff in error, it was not error in this case to submit the question of negligence to the jury in the manner it was done by this charge.

The other request refused assumed that the defendant had exposed her arm outside of the window, and was properly refused because that fact was not admitted or clearly established by the proof. On the contrary, there was a substantial conflict of testimony on that point. If there was error in the charge given in place of that request refused, it was an error of which the plaintiff in error could not complain. That part of the general charge complained of presents no error for which the judgment should be reversed.

In our opinion, the amount of the verdict is not such as to show that the jury were influenced by prejudice against the defendant. Within the limit just indicated, it was the province of the jury to assess the damages. The form of the verdict is not material. The amount found by them is not uncertain, because they chose to put their verdict in a form that required a mathematical calculation to get the sum of their finding. The trial judge could have required them to make the calculation, but it was not necessary that he should. When all the elements of a calculation so simple as the one involved in this verdict are given, no uncertainty can lurk there. The judgment is not for a greater amount than the jury found. If it is for slightly less, the plaintiff in error cannot be heard to complain. The judgment of the lower court is affirmed.